**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING FENG HE, | No. 10-72895 |
| Petitioner, | Agency No. A099-539-584 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Ming Feng He petitions for review of a decision of the Board of Immigration

Appeals (BIA) affirming an immigration judge's (IJ) denial of his application for

asylum and withholding of removal on adverse credibility grounds. He also

appeals the BIA's decision to affirm the IJ's denial of his Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture (CAT) claim. Because He's application for asylum was filed after March 11, 2005, we apply the standards set forth in the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA's adverse credibility determination was based at least in part on the implausibility of He's testimony that he chose to remain unemployed for five years so he could attend church on Sundays. Under the REAL ID Act "a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account." 8 U.S.C. § 1158(b)(1)(B)(iii). He contends that the BIA engaged in impermissible speculation when it decided that his explanation was implausible. He testified that he did not work in China, besides helping in his sister's store occasionally, and that his parents supported him for the five years between his graduation from high school and leaving China. But he also testified that his parents did not have a lot of money, that other parishioners could get Sundays off of work because they worked for the government, and that his father was a driver and was able to attend church on Sundays. The BIA also concluded that He failed to corroborate his claims even though such corroboration was reasonably obtainable, and the record shows that corroboration was requested by the IJ. *See Shrestha*, 590 F.3d at 1047.

2

We will not disturb an adverse credibility finding unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (citation omitted). We cannot reach that conclusion here.

By failing to show that he was eligible for asylum, He also failed to make the more stringent showing that he was eligible for withholding of removal. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

He presented only his discredited testimony and the 2008 Country Report for China in support of his CAT claim. This evidence does not compel the conclusion that He is more likely than not to be tortured if he returns to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). Therefore, the BIA's determination that He is not entitled to CAT protection is supported by substantial evidence.

**PETITION DENIED.**